In the

United States District Court
for the District of Maryland


| | | |
|---|---|---|
| Jeffrey Craddock | ) | |
| 7827 Newington Woods Drive | ) | |
| Springfield, VA 22153 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Isabel C. Craddock | ) | |
| 7827 Newington Woods Drive | ) | |
| Springfield, VA 22153, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| Theodore Manson, MD | ) | Jury Trial Demanded |
| 22 South Green Street | ) | |
| Baltimore, MD 21201 | ) | |
| Serve:  Theodore Manson, MD | ) | |
| 22 South Green Street | ) | |
| Baltimore, MD 21201, | ) | |
| | ) | |
| University of Maryland Medical System Corp. | ) | |
| 22 South Green Street | ) | |
| Baltimore, MD 21201 | ) | |
| Serve:  Megan W. Arthur | ) | |
| 250 W. Pratt Street | ) | |
| 24 th floor | ) | |
| Baltimore, MD 231201, | ) | |
| and | ) | |
| | ) | |
| University of Maryland Medical Center | ) | |
| 22 South Green Street | ) | |
| Baltimore, MD 21201 | ) | |
| Serve:  Megan W. Arthur | ) | |
| 250 W. Pratt Street | ) | |
| 24 th floor | ) | |
| Baltimore, MD 231201 | ) | |
| Defendants. | ) | |

**Complaint**

1

Jeffrey Craddock and Isabel C. Craddock, by their attorney Timothy B. Shea, hereby bring these claims against Defendants Theodore Manson, MD, University of Maryland Medical System Corp. and the University of Maryland Medical Center and in support thereof state as follows:

**Parties**

1. The Plaintiffs, Jeffrey Craddock and Isabel C. Craddock, husband and wife, are residents of Virginia.

2. Defendant Theodore Manson, MD is an orthopedic surgeon licensed to practice in the State of Maryland and regularly engages in the practice of medicine in Baltimore.

3. Defendant Dr. Manson is an agent or employee of the Defendants University of Maryland Medical System Corp. and University of Maryland Medical Center located in Baltimore, Maryland. At all relevant times to the facts of this complaint, he was an attending physician at the University of Maryland Medical System Corp. and University of Maryland Medical Center located in Baltimore, Maryland.

4. Defendant University of Maryland Medical Center is part of University of Maryland Medical System Corp. Defendant University of Maryland Medical Center is an agent of University of Maryland Medical System Corp.

**Jurisdiction and Venue**

5. Diversity jurisdiction is lodged with this court under 28 U.S.C. §1332.

6. The amount of this claim substantially exceeds $75,000. An appropriate venue for the claim is Baltimore, Maryland where Defendants maintain their principal place of businesses and where the events described herein took place. 28 U.S.C. §1391.

**Facts**

7.  In July 2010 Defendant Dr. Manson was an agent or employee of the Defendant

    University of Maryland Medical Center located in Baltimore, Maryland. In July 2010,

    Defendant Manson was an agent or employee of the Defendant University of Maryland

    Medical System Corp.

8.  On July 3, 2010 plaintiff Mr. Craddock suffered a traumatic injury to his left leg and was

    briefly examined at Cumberland Hospital in Western Maryland.

9.  On July 3, 2010 Mr. Craddock was transferred to the University of Maryland Medical

    Center in Baltimore, Maryland where he was admitted to the hospital.

10. Defendant University of Maryland Medical Center assigned Defendant Dr. Theodore

    Manson as attending physician for Mr. Craddock.

11. On July 4, 2010 Defendant Dr. Manson performed surgery on Mr. Craddock to install a

    rod in the left femur and nails in the knee as well as graft skin.

12. Thereafter, evidence of infection in Mr. Craddock, such as fever spikes, was manifest. On

    July 12, 2010 Mr. Craddock was transferred to a private room owing to the presence of

    methicillin resistant staphylococcus aureus ("MRSA") infection.

13. On July 19, 2010 Defendant Dr. Manson ordered Mr. Craddock to be discharged from the

    University of Maryland Medical Center to acute rehabilitation.

14. The decision to discharge Mr. Craddock from the University of Maryland Medical Center

    on July 19, 2010 constituted a violation of the standard of care for orthopedic surgeons.

    Mr. Craddock should have remained in the hospital for definitive therapy for his infection

    as he was noted to have an infection, e.g., daily fevers and drainage from the proximal

    pin sites.

15. On July 19, 2010 Mr. Craddock was admitted to Mount Vernon Hospital in Mount Vernon, Virginia for acute rehabilitation. Mr. Craddock encountered continued problems with infection. On July 21, 2010 Mr. Craddock returned to Defendant Dr. Manson at the University of Maryland Medical Center for appropriate treatment.

16. On July 21, 2010 Defendant Dr. Manson ordered him to be admitted to University of Maryland Medical Center to evaluate the infection. Defendant Dr. Manson removed the external pins and ordered intravenous antibiotics for infection. Mr. Craddock remained there until July 29, 2010 when Defendant Dr. Manson ordered Mr.  Craddock to be discharged.

17. The failure of Defendant Dr. Manson to order removal all of the hardware during this hospitalization ending July 29, 2010 to achieve definitive resolution of the infection constituted a departure from the standard of care for orthopedic surgeons. The departure from the standard of care perpetuated the MRSA infection in Mr. Craddock. The removal of the external pins and administration of intravenous antibiotics performed during this hospitalization was wholly inadequate to address the manifest infection.

18. On August 4, 2010 Defendant Dr. Manson ordered Mr. Craddock to be admitted to the University of Maryland Medical Center with an infection, pin site drainage, which was treated with intravenous antibiotics.

19. Thereafter, Defendant Dr. Manson scheduled regular visits with Mr. Craddock at the University of Maryland Medical Center.

20. On October 1, 2010 Defendant Dr. Manson ordered Mr. Craddock to be admitted to the University of Maryland Medical Center for left knee manipulation under anesthesia.

21. On May 26, 2011 Defendant Dr. Manson ordered Mr. Craddock to be admitted to the University of Maryland Medical Center. Defendant Dr. Manson reopened the incision and removed ossification from the leg and adjacent area. On May 29, 2011 Mr. Craddock was discharged from the University of Maryland Medical Center.

22. On June 20, 2012 Plaintiff Mr. Craddock was admitted to Fairfax Hospital with fever, septic arthritis of the knee, staphylococcalus and MRSA. Cultures showed heavy growth of MRSA.

23. On June 22, 2012 Mr. Craddock was operated on at Fairfax Hospital for site irrigation, debridement and removal of hardware and placement of new nail.

24. On June 29, 2012 surgery at Fairfax Hospital was performed in which Mr. Craddock's left leg incision was reopened, the nail was removed, infection was washed out and a new nail inserted.

25. On July 9, 2012 Mr. Craddock was operated on in Fairfax Hospital for irrigation and debridement, removal and replacement of the nail and drainage. He was discharged on July 12, 2012.

26. On September 12, 2012 Mr. Craddock was admitted for surgery at Fairfax Hospital to remove the hardware from the femur.

27. On November 5, 2012 Mr. Craddock was admitted to surgery at Fairfax Hospital to reopen the femur wound to remove scarring and lengthen tendons to improve flexion in the leg. Mr. Craddock was discharged on November 8, 2012.

28. Due to the repeated infections and surgeries, Mr. Craddock has lost nearly all the flexion in the left leg. He now uses a crutch all day. The lack of flexion and the reliance on the crutch is a hazard in this his work as well as ordinary activities. He has suffered falls

from the lack of flexion and reliance on the crutch. This constitutes a substantial restriction on the full range of his daily activities as well as his work. Mr. Craddock is not a candidate for total knee replacement due to his history of infection and he will require surgery to the knee in the future.

29. The aforementioned deviations in the standard of care perpetuated the recurrent MRSA infection that necessitated hospitalization, surgery and prolonged antibiotic therapy noted above and will require more hospitalization, therapy and surgery in the future as well as consequent loss of flexion in Mr. Craddock's leg.

30. As a direct and proximate result of the breach of the applicable standard medical care by Defendant Dr. Manson, the Defendant University of Maryland Medical System Corp. and the Defendant University of Maryland Medical Center, Mr. Craddock: suffered conscious pain and suffering in the past and will suffer conscious pain and suffering into the future; incurred past and will incur future lost wages and earnings; suffered loss of earning capacity in the past and will suffer loss of earning capacity in the future; suffered the cost of treatment and hospitalization in the past and will suffer the same in the future; suffered permanent physical injuries and will continue to undergo additional medical procedures; suffered loss of use and function and will continue to suffer such loss of use and function; has become a fall risk and is now falling frequently; and has and will sustain other physical, emotional and economic damages.

31. All the foregoing injuries and damages sustained by Mr. Craddock were the direct and proximate result of the negligent actions and/or omissions of Defendant Dr.  Manson, the Defendant University of Maryland Medical System Corp.  and the Defendant University of Maryland Medical Center.

32. The University of Maryland Medical Center (i) failed to institute and practice proper measures to prevent onset and spread of infection at its facilities during the summer of 2010; (ii) had a rate of infection that evidences lack of due care; and (iii) failed to provide appropriate surveillance, follow up and consultation for infection prevention. These acts or failures caused or contributed to the MRSA infection of Mr. Craddock and the injuries and damages recounted above.

33. Plaintiffs Isabel Craddock and Jeffrey Craddock were injured in the deprivation of the consortium, mutual comfort and society of each other throughout this time and will be so deprived in the future.

34. Plaintiffs filed timely claims with the Maryland Health Care Alternative Dispute Resolution Office with an appropriate certificate and report of a fully qualified physician, copies of which are attached as Exhibit A. After Defendants filed waivers of arbitration, the Maryland Health Care Alternative Dispute Resolution Office ordered the case transferred to this court by order of October 18, 2013. Copies attached as Exhibit B.

**First Count—Dr. Theodore Manson**

35. Plaintiffs Isabel C. Craddock and Jeffrey Craddock reallege and incorporate by reference herein each and every one of the allegations in paragraph numbers 1 through 34 above.

36. Defendant Dr. Manson deviated from the acceptable standard of practice of orthopedic surgery in the acts or omissions of professional medical services with respect to Mr. Craddock and as a direct and proximate cause of that negligence caused all of the aforesaid injuries and damages to Plaintiffs.

37. Wherefore, Plaintiffs claim damages against Defendant Dr. Manson in an amount to be determined at trial plus costs and any further relief that the court may determine to be necessary and appropriate or in the furtherance of justice.

**Second Count – University of Maryland Medical System Corp.**

38. Plaintiffs reallege and incorporate by reference herein each and every one of the allegations in paragraph numbers 1 through 34 above.

39. Defendant University of Maryland Medical System Corp. through its employee or agent Defendant Dr. Manson deviated from the acceptable standard of practice of orthopedic surgery in the acts or omissions of professional medical services with respect to Plaintiff Mr. Craddock and as a direct and proximate cause of that negligence caused all of the aforesaid injuries and damages to Plaintiffs.

40. Defendant University of Maryland Medical System Corp. deviated from the acceptable standard of practice in the acts or omissions of professional medical services with respect to Plaintiff Mr. Craddock and as a direct and proximate cause of that negligence caused all of the aforesaid injuries and damages to Plaintiffs.

41. Wherefore, Plaintiffs claim damages against Defendant University of Maryland Medical System Corp. in an amount to be determined at trial plus costs and any further relief that the court may determine to be necessary and appropriate or in the furtherance of justice.

**Third Count – University of Maryland Medical Center**

42. Plaintiffs reallege and incorporate by reference herein each and every one of the allegations in paragraph numbers 1 through 34 above.

43. Defendant University of Maryland Medical Center through its employee or agent Defendant Dr. Manson deviated from the acceptable standard of practice of orthopedic

surgery in the acts or omissions of professional medical services with respect to Plaintiff Mr. Craddock and as a direct and proximate cause of that negligence caused all of the aforesaid injuries and damages to Plaintiffs.

44. Defendant University of Maryland Medical Center deviated from the acceptable standard of practice in the acts or omissions of professional medical services with respect to Plaintiff Mr. Craddock and as a direct and proximate cause of that negligence caused all of the aforesaid injuries and damages to Plaintiffs.

45. Wherefore, Plaintiffs claim damages against Defendant University of Maryland Medical Center in an amount to be determined at trial plus costs and any further relief that the court may determine to be necessary and appropriate or in the furtherance of justice.

## Jury Demand

Each Plaintiff, Jeffrey Craddock and Isabel C. Craddock, hereby demands a jury trial on all facts and issues.

Respectfully submitted,

/s/

Timothy B. Shea
Nemirow, Hu & Shea
1900 L Street, NW Suite 303
Washington, DC 20036
Tel. 202 835 0300
Fax 888 – 522 – 4519
Email:  timbshea@gmail.com